OPINION. Disney, Judge: The problem here is whether, as the Commissioner determined, under section 115 (g) of the Internal Revenue Code, there was a taxable distribution to the petitioner to the extent of $114,946.05, the corporation’s accumulated earnings, or whether, as the petitioner argues, there was a distribution in partial liquidation under section 115 (c), so that the distribution should be treated as in exchange for the stock. Both subsections are set forth in the margin.[1] Was the cancellation or redemption of stock here involved made at such time and in such manner as to make it essentially equivalent to distribution of a taxable dividend ? We have examined all of the facts presented. The question is one of fact. Randolph v. Commissioner, 76 Fed. (2d) 472 (476); Vesper Co. v. Commissioner, 131 Fed. (2d) 200. No definite rules of construction have been formulated. Hyman v. Helvering, 71 Fed. (2d) 342; William H. Grimditch, 37 B. T. A. 402. “Time” and “manner” of cancellation appear to permit no such rules. The petitioner urges primarily that cases where taxable dividend has been found involved continuation of the corporate business as before without material change, whereas here only a small fraction of the corporate business — that of drilling — was so continued. We do not agree that such a test may be viewed as conclusive, for any partial liquidation involves to some degree abandonment of former business, and merely because there is partial liquidation is not ground for denial of application of section 115 (g). The general construction of section 115 indicates that section 115 (g) presents exception to section 115 (c). If subsection (g) did not apply to partial liquidation under subsection (c), the former would appear without meaning, since it is not necessary in case of ordinary dividends, which, in the absence of any other special considerations, are taxable anyway. Hence, we regard petitioner’s reference to Regulations 111, section 29.115-1, as defining dividend as a “distribution in the ordinary course of business,” as not helpful here. Subsection (g) might, under some circumstances, apply, though the distribution was not in the ordinary course of business. Nevertheless here, after consideration of all of the facts, it is our conclusion that we have no case of distribution of what is in essence a taxable dividend. The reasons for the redemption are mixed, but, evaluating them all, we think they do not permit conclusion that the distribution should be taxed as dividend. That one of the purposes causing the distribution was to raise funds, including those to pay income taxes, is plain. Yet, that is not the only purpose, nor the one first set forth in the corporate resolutions, which primarily recite in part: Whereas, all of the stockholders are of the opinion that all of the productive and non-productive properties of the corporation can and will be more efficiently and more economically operated if owned by individuals rather than by the corporation as such. The partial distribution of corporate assets in order that they may, in the opinion of the stockholders, be more efficiently or better used or operated in some other way, such as by individuals, appears clearly no reason for application of subsection (g); rather, the negation thereof. That the idea of raising funds for tax-paying purposes was not the principal or controlling consideration is well indicated by the fact that such taxes approximated $223,000, whereas the properties and money distributed approximated $2,640,000 gross, or about $967,000 net, after deduction of the $1,679,729.23 debts assumed by the petitioner. Obviously, it was not necessary to distribute all of such assets in order to meet the income taxes. The corporation had cash in bank of $247,874.64, more than enough to take care of the income taxes. As 'the matter transpired, by paying the income taxes in installments, the petitioner did not have to borrow money on the corporate assets. Had there been complete liquidation, subsection (g) would not have applied. The petitioner had reasonable cause for not completely liquidating (as he wished to do) in the contract with his former wife, which tied up a minor portion of the corporate stock, and in the understandable desire that the Lockhart name not be used by another corporation. Whether rightly or not, he was advised that in order to prevent such use he must leave some assets in. the corporation, as was done with the drilling rig. Another reason for the distribution was the desire to separate the drilling business, and its potential liabilities, from the rest of the business, primarily production of oil and conduct of a recycling business. Such a reason appears sound, and no reason for application of subsection (g). Such separation was accomplished. Still another reason appears to us to indicate that we have here no distribution essentially equivalent to a dividend: There was consideration for the distribution, aside from the mere cancellation of stock; for the resolutions set forth that, “as consideration for the above authorized transfers, * * * the said L. M. Lockhart shall, * * * assume and agree to pay and to discharge all of the debts and obligations of every kind or character owed by, or claimed to be owed by the Lockhart Oil Company of Texas * * In addition, it is set forth that he should “maintain in full force and effect all of the productive and non-productive oil, gas and mineral leasehold estates according to the terms thereof,” until he had paid all debts assumed. Such assumption of obligations and such agreement to maintain leases, in effect, appear as no ordinary incidents of a dividend. We think they. demonstrate a situation not essentially equivalent to distribution of taxable dividend. It will be noted that the petitioner was required to pay all debts and claims, which would include those against the assets (the drilling rig) retained by the corporation; so that the drilling rig, and the corporation owning it, were relieved from all debts, to the extent of the petitioner’s worth. Such situation would not be effected by an ordinary dividend. Considering the above discussed facts and circumstances, we have not regarded it necessary to discuss, though we have reviewed, and studied, the various cases touching this question, for upon such facts, and considering both purpose and result of the distribution, we conclude and hold that subsection (g) does not here apply, and that the cancellation and distribution of stock of Lockhart Oil Co. to the petitioner was not at such time and in such manner as to be essentially equivalent to distribution of a taxable dividend under section 115 (g), Internal Revenue Code, but was in partial liquidation under section 115 (c). Because of concessions made by the parties, as above noted, Decision will be entered under Buie 60. SEC. 115. DISTRIBUTIONS BY CORPORATIONS. [[Image here]] (c) Distributions in Liquidation. — Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment In exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided In section 112. • * * [[Image here]] (g) Redemption op Stock. — If a corporation cancels or redeems its stock (whether or not such stock was Issued as a stock dividend) at such time and In such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend.